MDR

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Michael Ploof,<br><br>Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>Defendants. | No. CV 13-0946-PHX-DGC (MHB)<br><br>**ORDER** |

On May 7, 2013, Plaintiff Jonathan Michael Ploof, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, an Application to Proceed *In Forma Pauperis*, and a Motion for a Preliminary Injunction and Appointment of Counsel (Doc. 4). On May 21, 2013, he filed an Addendum to that motion and a Motion Requesting the Issuance of 3 Subpoenas (Doc. 9).

In a May 23, 2013 Order Setting Early Mediation Conference, this case was referred to the Court's Prisoner Early Mediation Pilot Program, consideration of Plaintiff's Application to Proceed was deferred for 90 days, and the action was stayed for 90 days. On June 13, 2013, Plaintiff filed a "Motion for Sanctions, Motion for an Order Compelling Disclosure" (Doc. 12). On June 17, 2013, he filed an Amendment to that motion.

A mediation conference was held and the parties were unable to come to a settlement. In an August 13, 2013 Order, the Court lifted the stay, denied the deficient Application to Proceed, and gave Plaintiff 30 days to pay the filing and administrative fees or file a complete Application to Proceed *In Forma Pauperis*.

On August 14, 2013, Plaintiff filed a "Motion for Exp[e]dited Order Compelling Disclosure of Prison Medical Records" (Doc. 15) and two Declarations. On August 19, 2013, he filed his First Amended Complaint (Doc. 18) and a Declaration/Affidavit regarding his Motion for Preliminary Injunction/Motion to Appoint Counsel. On August 21, 2013, Plaintiff filed a "Motion for Order for an Examination per FRCP-Rule 35" (Doc. 20). On August 27, 2013, he filed a second Application to Proceed *In Forma Pauperis* (Doc. 21) and an Amendment to the Application to Proceed. On August 29, 2013, Plaintiff paid the filing and administrative fees.

On September 16, 2013, Plaintiff filed a Notice of Malicious Intent and Request for Order to Show Cause (Doc. 25). On October 1, 2013, he filed a "Motion for Stat[u]s[;] Motion for Order" (Doc. 26).

**I.     Second Application to Proceed *In Forma Pauperis* and Filing Fee**

Because Plaintiff has paid the filing and administrative fees, the Court will deny as moot Plaintiff's second Application to Proceed *In Forma Pauperis*.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-

TERMPSREF

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**III.   First Amended Complaint**

In his two-count First Amended Complaint, Plaintiff sues the following Defendants "in their official capacities": Arizona Department of Corrections (ADOC) Director Charles L. Ryan, Facility Health Administrator and Contract Monitor Matthew A. Musson, Division Director and Health Services Program Evaluation Administrator Richard Pratt, and Medical Director Dr. Winfred Darryl Williams.

In both counts, Plaintiff alleges violations of his Eighth Amendment rights regarding medical care. In his Request for Relief, Plaintiff seeks declaratory and injunctive relief, monetary damages, and his costs of suit and litigation expenses.

In **Count One**, Plaintiff asserts that Defendants Ryan, Musson, and Pratt have a "policy and practice of failing to provide [Plaintiff] with adequate healthcare and are deliberately indifferent to the fact that the failure to do so has resulted in significant injury to [his] heart." Plaintiff contends that Defendants, through written policies and personal letters, promised Plaintiff that they would provide sufficient resources to provide "the community standard of healthcare," but that they are aware that they fall far below this standard. Plaintiff asserts that due to Defendants' policies, "the system of health care provided failed to provide timely and consist[e]nt healthcare and treatment" and, as a result, he has suffered extensive heart damage and has experienced significant delays in care.

In **Count Two**, Plaintiff claims that Defendants Ryan, Musson, and Pratt have a policy and practice of "failing to provide administrative oversight," which deprives him of proper and adequate medical care, and are "deliberately indifferent to the fact that the failure to do so has resulted in significant injury to [Plaintiff]." Plaintiff asserts that Defendants' "failure to direct by policy and oversight proper medical care" has caused him to experience prolonged and unnecessary pain and suffering. Plaintiff states that unit health care providers, by policy, are required to submit a referral for "off unit" care to a review board/committee. He contends that "the referral is not for medical reasons," it takes months for the referrals to specialists to be processed, many referrals are denied, and unit medical personnel must then either resubmit the referral or do nothing.

Plaintiff alleges that Defendants Ryan, Musson, and Pratt endorse a policy and practice of failing to provide timely access to health care, are deliberately indifferent to the risk of harm to Plaintiff from the failure, have failed to provide "clear processes that are adhered to," and have allowed a "failed system with clear unreasonable delays and refusals to cause current and future heart failure." Plaintiff contends that Defendants have failed to create an effective tracking and scheduling system for healthcare appointments, there are lengthy delays in responding to health needs request forms and providing necessary care, and there are no protocols or timeframes for when he is

supposed to receive a face-to-face evaluation or a medical appointment. He claims Defendants have been warned repeatedly about the unreasonable delays, which are the proximate cause of his heart damage and the continued deterioration of his heart. Plaintiff also asserts that unit medical staff has advised him that a year-long wait for cardiac care is an acceptable standard.

**IV.    Discussion**

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. 42 U.S.C. § 1983; *see also Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted).[1] Plaintiff specifically states that he is suing Defendants "in their official capacity."

**A.    Claim for Damages**

Plaintiff cannot maintain a lawsuit against Defendants in their official capacity for damages. "State officials sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21, 27 (1991). *See also Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) ("[A] state is not a 'person' for purposes of

---

[1] "By contrast, state officials sued in their *personal capacity* come to court as individuals." *Hafer v. Melo*, 502 U.S. 21, 27 (1991) (emphasis added). "[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (emphasis in original).

**TERMPSREF**

- 5 -

section 1983. Likewise 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983.") (citation omitted). Thus, the Court will dismiss Plaintiff's claim for monetary damages.

### B. Claim for Prospective Injunctive Relief

Plaintiff may maintain a lawsuit against Defendants in their official capacity for prospective injunctive relief. *See Will*, 491 U.S. at 71, n.10 ("[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") (quoting *Graham*, 473 U.S. at 167, n.14); *see also Flint v. Dennison*, 488 F.3d. 816, 825 (9th Cir. 2007) ("[A] suit for prospective injunctive relief provides a narrow, but well-established, exception to Eleventh Amendment immunity."). Plaintiff seeks prospective injunctive relief—to have Defendants "develop and implement a plan to eliminate the clear substantial risk of serious harm that Plaintiff Ploof suffers due to the defendant[s'] inadequate medical policies, procedures, and practices."[2]

"[I]n an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Graham*, 473 U.S. at 166 (citations omitted). *See also Los Angeles County v. Humphries*, ___ U.S. ___, ___, 131 S. Ct. 447, 453-54 (2010) (the "'policy or custom' requirement [in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)] applies in § 1983 cases irrespective of whether the relief sought is monetary or prospective."). A plaintiff must allege, as a matter of law, that the policy or custom caused him to suffer constitutional injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006). To impose liability based on a policy of deliberate inaction, a plaintiff must demonstrate that the policy of inaction amounted to deliberate indifference

---

[2] Because Plaintiff is seeking injunctive relief regarding his individual medical care, rather than systemic reform, the Court can consider his claim; Plaintiff's requested relief does not appear to be duplicative of that sought in the class action lawsuit in *Parson v. Ryan*, 12-CV-601-PHX-NVW (D. Ariz.). *Cf. Pride v. Correa*, 719 F.3d 1130, 1137 (9th Cir. 2013) ("[W]here a California prisoner brings an independent claim for injunctive relief solely on his own behalf for specific medical treatment denied to him, [the class action lawsuit seeking systemic reform of medical care in the California prisons] does not bar the prisoner's claim for injunctive relief.").

to the plaintiff's constitutional rights and that the policy was a moving force behind the violation of the plaintiff's constitutional rights. *Berry v. Baca*, 379 F.3d 764, 767 (9th Cir. 2004). The policy must be more than mere negligence and must constitute a "conscious or deliberate choice among various alternatives." *Id.*

### 1. Count One

Plaintiff's allegations in Count One are insufficient to state an official capacity claim for prospective injunctive relief. Plaintiff asserts that Defendants Ryan, Musson, and Pratt, through written policies and personal letters promised to provide Plaintiff with "the community standard of healthcare." Such a policy, in and of itself, does not cause a constitutional violation. And it is unclear how Defendants Ryan, Musson, and Pratt could have had a "policy and practice of failing to provide" adequate healthcare specifically to Plaintiff. An allegation that individuals failed to provide adequate healthcare to Plaintiff specifically could possibly state an Eighth Amendment deliberate indifference claim against individuals in their personal capacity, but falls short of stating an official capacity claim. Thus, the Court will dismiss without prejudice Count One.

### 2. Count Two

Liberally construed, Plaintiff has stated a claim in Count Two regarding a policy or practice of failing to provide timely access to healthcare and administrative oversight. The Court, therefore, will require Defendants Ryan, Musson, and Pratt to answer Count Two.

### C. Defendant Williams

Although Plaintiff makes generalized allegations that Defendant Williams supervises healthcare providers, reviews consultation requests, and denied Plaintiff's medical treatment requests, Plaintiff does not mention Defendant Williams in either of his two counts and does not allege that Defendant Williams promulgated any policy or practice. Thus, the Court will dismiss without prejudice Defendant Williams.

TERMPSREF

## V. Motion for Preliminary Injunction and Appointment of Counsel

To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Plaintiff has failed to meet his burden and has failed to address many of the elements of the test. Thus, the Court will deny Plaintiff's request for a preliminary injunction.

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Other than writing "Appointment of Counsel" on the caption of his motion, Plaintiff does not provide any information regarding a request for counsel. Thus, the Court will deny without prejudice Plaintiff's request for the appointment of counsel.

## VI.   Motion for Subpoenas

The Court will deny as moot Plaintiff's Motion Requesting the Issuance of 3 Subpoenas. In this Order, the Court will direct the Clerk of Court to send Plaintiff a service packet containing summonses and request for waiver forms for Plaintiff to complete and return to the Court. If Plaintiff returns those forms to the Court, the Court will direct the United States Marshal to serve Defendants.

## VII.   Discovery Issues

### A.   Motion Filed During Stay

While this case was stayed, Plaintiff filed a June 13 "Motion for Sanctions, Motion for an Order Compelling Disclosure" and a June 17 Amendment to the motion. The Motion and Amendment relate to Plaintiff's attempts to review his medical records prior to the court-ordered mediation conference.

The undersigned did not issue the Order Setting Early Mediation Conference and had no involvement in the mediation process. The Court notes, however, that the Order Setting Early Mediation Conference required the parties to submit confidential mediation statements but, other than that, specifically ordered that during the stay period "no other pleadings or papers may be filed in this case, and the parties must not engage in discovery." Plaintiff's June 13 Motion violates the Order and, therefore, will be denied.

### B.   Motions Filed After Stay

In his August 14 Motion for Expedited Order Compelling Disclosure of Medical Records, Plaintiff seeks the disclosure of 9 pages of his medical records. In his August 21 Motion for Order of an Examination, Plaintiff seeks an examination, pursuant to Rule 35 of the Federal Rules of Civil Procedure, to determine his cardiac condition, a recommendation or required medical intervention, a complete plan of implementation, and a schedule of when intervention will take place.

The Court will deny as premature Plaintiff's discovery motions. The Court will issue a scheduling order setting discovery deadlines after Defendants have answered the First Amended Complaint.

TERMPSREF

**VIII. Notice of Malicious Intent and Request for Order to Show Cause**

In his Notice of Malicious Intent and Request for Order to Show Cause, Plaintiff requests that the Court order "Defendants, their agents[,] employees, officials and all persons acting in concert with them" to show cause why they "continue to prejudice Plaintiff Ploof by providing false medical information about Plaintiff Ploof, which has caused medical person[ne]l to misconceive [his] treatment plans." He seeks an order requiring Defendants to declare that "the all[e]gation of 'polysubstance abuse' will no longer be used as an excuse or alleged reason hindering proper medical treatment" and to show cause why references to polysubstance abuse should not be stricken from his medical records, why one doctor's treatment plans should not be followed, and why another doctor should not be removed from conducting further assessments or consultations.

The Notice/Request discusses a mistaken indication in Plaintiff's medical history regarding a history of polysubstance abuse and Plaintiff's belief that this mistake has had a negative effect on medical doctor's treatment plans. Nothing in the Notice/Request supports a conclusion that any Defendant acted with malicious intent and there is no need for the Court's involvement in this issue at this point. Moreover, to the extent Plaintiff is seeking preliminary injunctive relief, he has failed to meet his burden to obtain such relief. *See Winter*, 555 U.S. at 20 (2008); *Slater*, 184 F. Supp. 2d at 1027. Thus, the Court will deny Plaintiff's Notice of Malicious Intent and Request for Order to Show Cause.

**IX. Motion for Status**

In his Motion for Status, Plaintiff seeks the status of and rulings on his pending motions. Plaintiff's Motion for Status is granted to the extent this Order provides the status of and rulings on all pending motions.

X.  **Warnings**

    A.  **Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    B.  **Copies**

Because Plaintiff is currently confined in ASPC-Eyman and this case is subject to General Order 13-11, Plaintiff is not required to serve Defendants with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4. If Plaintiff is transferred to a prison other than ASPC-Eyman, he will be notified of the requirements for service and copies for the Court that are required for inmates whose cases are not subject to General Order 13-11.

    C.  **Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Count One, Plaintiff's request for monetary damages, and Defendant Williams are **dismissed** without prejudice.

(2) Defendants Ryan, Musson, and Pratt must answer Count Two.

(3) Plaintiff's Motion for a Preliminary Injunction and Appointment of Counsel (Doc. 4) is **denied**.

(4) Plaintiff's "Motion Requesting the Issuance of 3 Subpoenas" (Doc. 9) is **denied as moot**.

. . . .

(5) Plaintiff's "Motion for Sanctions, Motion for an Order Compelling Disclosure" (Doc. 12) is **denied**.

(6) Plaintiff's "Motion for Exp[e]dited Order Compelling Disclosure of Prison Medical Records" (Doc. 15) is **denied as premature**.

(7) Plaintiff's "Motion for Order for an Examination per FRCP-Rule 35" (Doc. 20) is **denied as premature**.

(8) Plaintiff's August 27, 2013 Application to Proceed *In Forma Pauperis* (Doc. 21) is **denied as moot**.

(9) Plaintiff's Notice of Malicious Intent and Request for Order to Show Cause (Doc. 25) is **denied**.

(10) Plaintiff's "Motion for Stat[u]s[;] Motion for Order" (Doc. 26) is **granted** to the extent this Order provides Plaintiff with the status of his pending motions and rules on those motions.

(11) The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Ryan, Musson, and Pratt.

(12) Plaintiff must complete[3] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(13) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

---

[3] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

**TERMPSREF**

(14)     The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(15)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a)     personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)     within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(16)     **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(17)     Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

TERMPSREF

(18)   Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(19)   This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 30th day of December, 2013.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge

TERMPSREF

- 14 -