**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Michael Ploof, | CIV-13-946-PHX-DGC (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

On May 7, 2013, Plaintiff filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his Eighth Amendment right to adequate medical care. (Doc. 1.) This matter was referred to the Early Mediation Pilot Program. (Doc. 10.) The matter was not successfully resolved via mediation, and Plaintiff filed a First Amended Complaint on August 19, 2013. (Doc. 18.) In his two-count First Amended Complaint, Plaintiff sued the following Defendants "in their official capacities": Arizona Department of Corrections (ADOC) Director Charles L. Ryan, Facility Health Administrator and Contract Monitor Matthew A. Musson, Division Director and Health Services Program Evaluation Administrator Richard Pratt, and Medical Director Dr. Winfred Darryl Williams. (Id.) In both counts, Plaintiff alleges violations of his Eighth Amendment rights regarding medical care. (Id.) In his Request for Relief, he sought declaratory and injunctive relief, monetary damages, and his costs of suit and litigation expenses. (Id.)

1  The Court screened the First Amended Complaint, dismissing Medical Director Dr. Winfred Darryl Williams and Plaintiff's request for monetary damages because the Defendants were sued in their official capacities. (Doc. 27.) The Court also found that Plaintiff's allegations in Count One were insufficient to state an official capacity claim for prospective injunctive relief. (Id.) The Court did note that an allegation that individuals failed to provide adequate healthcare to Plaintiff could possibly state an Eighth Amendment deliberate indifference claim against individuals in their personal capacity, but fell short of stating an official capacity claim. (Id.) The Court found that Plaintiff stated a claim in Count Two regarding a policy or practice of failing to provide timely access to healthcare and administrative oversight. (Id.)

Thereafter, prior to Defendants' appearance, Plaintiff filed a Motion for Leave to File an Amended Complaint with the proposed Second Amended Complaint attached. (Doc. 29.) Plaintiff sought to name Defendants in their official and individual capacities. (Id.) Apparently unaware of Plaintiff's Motion, Defendants filed their Answer to Plaintiff's First Amended Complaint. (Doc. 37.) On April 4, 2014, the Court granted Plaintiff's unopposed Motion for Leave to File Second Amended Complaint. (Doc. 44.) Plaintiff filed a Second Amended Complaint on May 6, 2014 (Doc. 57), and a corrected Second Amended Complaint on May 13, 2014 (Doc. 61).[1]

**I.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

---

[1] Plaintiff corrected the Second Amended Complaint to include page 4-B that was omitted from the filing on May 6, 2014.

- 2 -

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. See id. at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

**II.     Second Amended Complaint**

In his two-count Second Amended Complaint, Plaintiff sues the following Defendants "in their official and or personal capacities": Arizona Department of Corrections (ADOC) Director Charles L. Ryan, Facility Health Administrator and Contract Monitor Matthew A. Musson, and Division Director and Health Services Program Evaluation Administrator Richard Pratt. In both counts, Plaintiff alleges violations of his Eighth Amendment rights regarding medical care. In his Request for Relief, Plaintiff seeks declaratory and injunctive relief, monetary damages, and his costs of suit and litigation expenses.

1 In Count One, Plaintiff asserts that Defendants Ryan, Musson, and Pratt have a policy 2 and practice of failing to provide him with adequate healthcare and are deliberately 3 indifferent to the fact that the failure to do so has resulted in significant injury to his heart. 4 Plaintiff contends that Defendants, through written policies and personal letters, promised 5 Plaintiff that they would provide sufficient resources to provide "the community standard of 6 healthcare," but that they are aware that they fall far below this standard.  Plaintiff states that 7 Defendants failed to create policy guidelines to assist clinicians in improving his healthcare 8 and status over time.  He states the current policies lack guidance allowing a healthcare 9 provider the ability to "obtain, request, provide or arrange for the provision of 'timely 10 treatment.'" He asserts that the Defendants are responsible for oversight and supervision, but 11 due to the current policy and practice have deliberately failed to provide proper supervision 12 which "has caused extensive damage and has shortened his life."

13 In Count Two, Plaintiff claims that Defendants Ryan, Musson, and Pratt have a policy 14 and practice of "failing to provide administrative oversight," which deprives him of proper 15 and adequate medical care, and are "deliberately indifferent to the fact that the failure to do 16 so has resulted in significant injury to [Plaintiff]."  Plaintiff asserts that Defendants' "failure 17 to direct by policy and oversight proper medical care" has caused him to experience 18 prolonged and unnecessary pain and suffering. Plaintiff states that unit health care providers, 19 by policy, are required to submit a referral for "off unit" care to a review board/committee. 20 He contends that "the referral is not for medical reasons," it takes months for the referrals to 21 specialists to be processed, many referrals are denied, and unit medical personnel must then 22 either resubmit the referral or do nothing.

23 Plaintiff alleges that Defendants Ryan, Musson, and Pratt endorse a policy and 24 practice of failing to provide timely access to health care, are deliberately indifferent to the 25 risk of harm to Plaintiff from the failure, have failed to provide "clear processes that are 26 adhered to," and have allowed a "failed system with clear unreasonable delays and refusals 27 to cause current and future heart failure."  Plaintiff contends that Defendants have failed to 28 create an effective tracking and scheduling system for healthcare appointments, there are

1 lengthy delays in responding to health needs request forms and providing necessary care, and
2 there are no protocols or timeframes for when he is supposed to receive a face-to-face
3 evaluation or a medical appointment. He claims Defendants have been warned repeatedly
4 about the unreasonable delays, which are the proximate cause of his heart damage and the
5 continued deterioration of his heart. Plaintiff also asserts that unit medical staff has advised
6 him that a year-long wait for cardiac care is an acceptable standard.

**III.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated violations of his Eighth Amendment rights regarding medical care against Defendants Ryan, Musson, and Pratt. The Court will require Defendants to answer the Second Amended Complaint.

**IV.    Warnings**

**A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Copies**

Because Plaintiff is currently confined in ASPC-Eyman and this case is subject to General Order 14-08, Plaintiff is not required to serve Defendants with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4. If Plaintiff is transferred to a prison other than ASPC-Eyman, he will be notified of the requirements for service and copies for the Court that are required for inmates whose cases are not subject to General Order 14-08.

**C.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,

- 5 -

963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendants' Motion for a Screening Order (Doc. 68) is **GRANTED**.

(2) Defendants Ryan, Musson, and Pratt must answer the Second Amended Complaint.

(3) The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Ryan, Musson, and Pratt.

(4) Plaintiff must complete[2] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. See Fed.R.Civ.P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant**

---

[2] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

- 6 -

**within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:**

    (a)    personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

**(8)    A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

    (9)    Defendants must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10)  Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

DATED this 11th day of June, 2014.

_____
David G. Campbell
United States District Judge