**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Michael Ploof,<br><br>  Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>  Defendants. | No. CV-13-00946-PHX-DGC (JZB)<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for Sanctions against Plaintiff. (Doc. 144.) Defendants also request the Court extend the discovery deadline by 60 days from the date of this Order. (Doc. 165.) For the reasons below, the Court will deny Defendants' Motion for Sanctions and grant their Motion for an Extension of the Discovery Deadline.

**I.   Background**

On September 15, 2014, Defendants noticed Plaintiff's deposition for September 30, 2014. (Doc. 118.) During the September 30, 2014 deposition, Plaintiff stated that he could not respond to many of the questions without referring to his notes. But, but when Defendants afforded Plaintiff the opportunity to retrieve his notes, he chose not to do so. Plaintiff failed to provide meaningful responses to many of the questions Defendants' counsel asked him. The parties contacted the Court during the deposition to address Plaintiff's responses; however Magistrate Judge Burns was not available at that time.

On September 30, 2014, Defendants filed a Motion for an enlargement of the deposition deadline, and to compel Plaintiff to participate in the deposition in good faith.

(Doc. 122.) On October 2, 2014, the Court granted the Motions. (Doc. 125.) In its October 2, 2014 Order, the Court specifically advised Plaintiff that he "must attend the deposition in good faith and with all materials necessary to provide meaningful responses to questions regarding his healthcare prior to and during his incarceration with the ADC, and his contact and interactions with the Defendants."

On October 2, 2014, after receiving the Court's Order, Defendants filed an Amended Notice of Taking Telephonic Deposition, noticing Plaintiff's deposition for October 10, 2014. (Doc. 129.) On October 6, 2014, Plaintiff filed a Motion to Strike the Amended Notice of Deposition. (Doc. 131.) On October 8, 2014, Defendants filed a Response in Opposition to Plaintiff's Motion to Strike, along with a Motion for Expedited Ruling. (Doc. 135; Doc. 136.) On October 8, 2014, the Court denied Plaintiff's Motion Strike the Amended Deposition Notice. (Doc. 137.)

On October 10, 2014, the day of Plaintiff's rescheduled deposition, Plaintiff failed to appear and participate in the deposition. Correctional Office ("CO") III Ridnour testified that when he went to retrieve Plaintiff for his deposition, Plaintiff stated that he was not given 24-hour notice and, therefore, he was not ready. (Doc. 144, Ex. 1 at 3:10-4:8.) On October 23, 2014, Defendants filed their Motion for Sanctions, arguing that Plaintiff's repeated failure to participate in his deposition in good faith warrants sanctions under Rules 37 and 41(b) of the Federal Rules of Civil Procedure. Specifically, Defendants request the Court dismiss this action and require Plaintiff to pay the reasonable expenses incurred in connection with the September 30, 2014 and October 10, 2014 depositions, including attorneys' fees and court reporter costs. (Doc. 144.)

On October 27, 2014, Plaintiff filed a Response in Opposition to Defendants' Motion for Sanctions (Doc. 145), in which he argues that sanctions are not appropriate because: (1) he did not receive the Court's Order denying his Motion to Strike until October 14, 2014, after the deposition; (2) when Plaintiff questioned CO Ridnour on October 9, 2014 on whether he had a deposition the following day, CO Ridnour told him "you have no legal calls," and (3) on October 10, 2014, CO Ridnour told him only that

1 "someone wanted to talk with me and he requested that person to call back Monday."
2 Defendants filed their Reply on November 11, 2014, arguing that Plaintiff has failed to
3 provide any justification for his failure to participate in his deposition, and he is
4 intentionally seeking to delay these proceedings. (Doc. 151.)

5 **II.  Analysis**

6 Rule 37(d)(1)(A) provides that the Court may order sanctions if "a party . . . fails,
7 after being served with a proper notice, to appear for that person's deposition."  Rule 37
8 (d)(3) further states that "[s]anctions may include any of the orders listed in Rule
9 37(b)(2)(A)(i)–(vi).  Instead of or in addition to these sanctions, the court must require
10 the party failing to act, the attorney advising that party, or both to pay the reasonable
11 expenses, including attorney's fees, caused by the failure, unless the failure was
12 substantially justified or other circumstances make an award of expenses unjust."
13 Sanctions available under Rule 37(b)(2)(A) include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

25 Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to
26 prosecute or to comply with these rules or a court order, a defendant may move to
27 dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a
28 dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as

an adjudication on the merits."

Here, the transcript of Plaintiff's September 30, 2014 deposition establishes that Plaintiff failed to provide meaningful responses to several of Defendants' counsel's questions. Further, Plaintiff failed to appear for his deposition on October 10, 2014, even though Defendants provided Plaintiff with notice of the date and time of the deposition and the Court ordered Plaintiff to "attend the deposition in good faith and with all materials necessary to provide meaningful response to questions regarding his healthcare prior to and during his incarceration with the ADC, and his contact and interaction with Defendants." Plaintiff claims that he did not receive the Court's Order denying his Motion to Strike the Amended Notice until after his October 10, 2014 deposition; however, even if true, that does not excuse his failure to appear. And, although Plaintiff claims that CO Ridnour did not inform him of his deposition, CO Ridnour testified that he told Plaintiff Defendants' counsel was on the phone for his deposition, but Plaintiff refused to participate in the deposition because Plaintiff was not ready. Therefore, the Court finds that Plaintiff has failed to comply with his discovery obligations and the Court's October 2, 2014 Order by failing to appear for his deposition.

The Court has wide discretion in imposing discovery sanctions. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014). However, "[w]here the drastic sanctions of dismissal or default are imposed . . . the losing party's noncompliance must be due to willfulness, fault, or bad faith." *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997); *United States for Use of Wiltec Guam v. Kahaluu Constr.*, 857 F.2d 600, 603 (9th Cir. 1988) (the sanction of dismissal is authorized only in extreme circumstances and dismissal is warranted only if the violation is due to willfulness, bad faith, or fault of the party). Further, "[b]ecause the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

1   sanctions.'"  *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991) (*quoting Wanderer v.*
2   *Johnston*, 910 F.2d 652, 655-56 (9th Cir. 1990)). "The first two of these factors favor the
3   imposition of sanctions in most cases, while the fourth factor cuts against a default or
4   dismissal sanction. Thus the key factors are prejudice and availability of lesser
5   sanctions." *Wanderer*, 910 F.2d at 656.

6         The first, second, and third factors favor dismissal of this case. Plaintiff's failure to
7   participate in his deposition in good faith and subsequent failure to appear for his
8   properly noticed deposition have caused delay in this case and limited Defendants' ability
9   to defend themselves against his allegations.  The fourth factor, as always, weighs against
10  dismissal. The fifth factor requires the Court to consider whether a less drastic alternative
11  is available.  The Ninth Circuit recognizes that warning a party "his failure to obey the
12  court's order will result in the dismissal can satisfy the 'consideration of alternatives'
13  requirement."  *See e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Malone*
14  *v. United States Postal Service*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (noting that a
15  warning is an alternative sanction, and that case law suggests that warning a plaintiff that
16  failure to obey a court order will result in dismissal can suffice).

17        Based on the record here, the Court declines to impose the drastic sanction of
18  dismissal. The Court further declines at this time to require Plaintiff to pay the reasonable
19  fees and costs associated with his two depositions.  However, while the Court declines to
20  impose the sanctions Defendants request, it warns Plaintiff that if he does not appear for
21  and participate in good faith in his deposition once rescheduled and properly noticed, he
22  may be subject to sanctions up to and including dismissal of this action.  The Court
23  reiterates that Defendants are entitled to question Plaintiff regarding his allegations,
24  including questions regarding his healthcare prior to and during his incarceration with the
25  ADC, and his contact and interaction with Defendants.

26        In light of Plaintiff's conduct, Defendants seek an extension of the discovery
27  deadline of 60 days from the date of this Order.  (Doc. 165.)  The Court will grant
28  Defendants' request.  Accordingly,

1  **IT IS ORDERED** that Defendants' Motion for Sanctions (Doc. 144) is denied.

2  **IT IS FURTHER ORDERED** that Plaintiff must appear for and participate in
3  good faith in his deposition once rescheduled and properly noticed, as required by the
4  Court's October 2, 2014 Order.

5  **IT IS FURTHER ORDERED** that Defendants' Motion for an Enlargement of the
6  Discovery Deadline (Doc. 165) is granted.  The parties shall have until **February 9, 2015**
7  to complete discovery.

8  Dated this 10th day of December, 2014.

_____
Honorable John Z. Boyle
United States Magistrate Judge